IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICKEY DEVIVO<br>150 East Wynnewood Road<br>Wynnewood, PA 19096<br><br>        Plaintiff,<br><br>    v.<br><br>SBI RESTAURANT PARTNERS, L.P.<br>d/b/a BUTCHER & SINGER<br>134 Market Street<br>Philadelphia, PA 19106<br><br>        Defendant. | CIVIL ACTION<br><br>No. _____<br><br>JURY TRIAL DEMANDED |

### CIVIL ACTION COMPLAINT

Plaintiff, Mickey DeVivo, by and through his undersigned counsel, hereby avers as follows:

#### I.   Introduction

1. Plaintiff has initiated this action to seek redress against Defendants to seek redress for unlawful discrimination in violation of the Age Discrimination in Employment Act of 1967 and other applicable law.

#### II.   Parties

2. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

3. Plaintiff, Mickey DeVivo (hereinafter "Plaintiff"), is an adult individual currently residing at the above address.

4.  Defendant, SBI Restaurant Partners, L.P. (hereinafter "Defendant") is a limited partnership with a registered business address as captioned above.

5.  At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant hereto, acted within the scope of his or her job duties.

6.  Defendant is an "employer" within the meaning of the Age Discrimination in Employment Act of 1967 because they are engaged in an industry affecting commerce and because they each maintained or maintain twenty (20) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

7.  Defendant also maintains sufficient employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

### III.   Jurisdiction and Venue

8.  All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

9.  The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

11. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the unlawful actions set forth herein.)

### IV. Procedural and Administrative Requirements

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff has satisfied the procedural and administrative requirements for proceeding with an action under the Age Discrimination in Employment Act as follows:

14. Plaintiff has filed one or more timely written charges of discrimination with the Philadelphia office of the Equal Employment Opportunity Commission alleging age discrimination;

15. The instant action is timely because it is initiated at least sixty (60) days after the filing of Plaintiff's administrative charges as required by the ADEA;

16. Plaintiff has exhausted his federal administrative remedies as to the allegations of the instant Complaint.

### V. Factual Background

17. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

18. Plaintiff's date of birth is February 22, 1948.

19. Plaintiff worked for Defendant as a server in Defendant's Butch & Singer restaurant from October 15, 2008 until May 18, 2011, when he was unlawfully terminated.

3

20. Plaintiff has over 40 years of experience as a server.

21. Plaintiff was the oldest server in the restaurant.

22. Plaintiff was approximately 20 years older than the other servers employed by Defendant in their Butcher & Singer location.

23. Plaintiff never received any type of disciplinary action in all the years that he worked for Defendants.

24. Beginning in August 2010, Plaintiff noticed that the work assignment charts gave younger male and female employees to work, which directly affected the amount of money earned.

25. From October 2010 until March 2011, Plaintiff made numerous complaints to Molly McOuter, General Manager, and Natalie Younger, Human Resources Manager, about the younger waiters getting more tables.

26. McOuter did nothing to correct the matter.

27. In or around April 2011, McOuter resigned and was replaced by John Gonzalez.

28. On May 9, 2011, Plaintiff received a write-up from his supervisor for a customer complaint, because he allegedly asked the customer to smile when he approached the table.

29. On May 16, 2011, Plaintiff was due to report to work at 4:00 p.m., however he called work and spoke with Stephanie, the hostess and informed her that due to an emergency he would not be able to report to work until 5:00 p.m.

30. When Plaintiff arrived to work, Gonzalez instructed him to go home and stated that Plaintiff was in no condition to work.

31. Plaintiff had been emotionally upset due to his father's poor health.

32. Gonzalez and Alexis Audino, Assistant Manager, informed Plaintiff that he was "too old for this job," and instructed him to return to work the next day.

33. On May 17, 2011, Plaintiff received a cell phone call from Gonzalez instructing him not to come to work that day. Gonzalez stated he would call Plaintiff the following day.

34. On May 18, 2011, Plaintiff was brought into a meeting with Younger and John Carlino, Assistant Manager where he was terminated.

35. Plaintiff was allegedly terminated for receiving twelve write-ups from customer complaints within the past three years.

36. The reason for Plaintiff's termination was entirely bogus and pretextual because Plaintiff did not receive or see all twelve write-ups and upon belief did not have twelve write-ups in his file. He only had three in those three years.

37. Younger servers who received customer complaints are not terminated.

38. Younger servers were given Plaintiff's tables to work.

39. On or about June 13, 2011, Plaintiff filed a charge of age discrimination and retaliation with the PHRC (Charge No. E11075895), which was cross filed with the EEOC (Charge No. 17G201100190C).

## Count One
### Age Discrimination in Employment Act – Discrimination

35. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

36. By virtue of his age, Plaintiff is in the class of persons protected by the Age Discrimination in Employment Act of 1967.

37.   In terminating and otherwise discriminating against Plaintiff because of his age, and replacing him with younger employees, Defendants engaged in unlawful age discrimination against Plaintiff.

38.   As a result of Defendants' unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

### Count Two
### Age Discrimination in Employment Act – Retaliation

39.   All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

40.   The foregoing conduct, in writing up and terminating Plaintiff because of his complaints of age discrimination to Defendant, constitutes unlawful retaliation against Plaintiff for engaging in a protected activity.

41.   As a result of Defendants' unlawful retaliation as aforesaid, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

### *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court enter judgment in his favor and against Defendants and that it enter an Order as follows:

  a. Defendants are to be permanently enjoined from engaging in discrimination against Plaintiff on the basis of his age and/or any basis prohibited under applicable federal and state law;

b. Defendants are to be permanently enjoined from retaliating against Plaintiff;

c. Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or custom of discriminating against employees based on their age, and are to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

d. Defendants are to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' unlawful actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, continuing education, promotions, pension, and seniority. Plaintiff should be accorded all benefits illegally withheld from the date he first suffered discrimination at the hands of Defendants until the date of verdict;

e. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Defendants' actions;

f. Plaintiff is to be awarded double damages for Defendants' willful violations of the Age Discrimination in Employment Act;

g. Plaintiff is to be awarded liquidated and punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

h. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law;

i. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

j. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

k. Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure that Defendants do not engage – or cease engaging – in unlawful retaliation against Plaintiff or other witnesses to this action;

l. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein; and

m. Plaintiff's claims against Defendants are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KOLMAN ELY, P.C.

By: /s/ Eman Abouelseoud, Esquire
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
Eman Abouelseoud, Esquire
Attorneys for Plaintiff
414 Hulmeville Avenue
Penndel, PA 19047
(215) 750-3134

April 5, 2012